**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS AQUILAR PACHECO,<br><br>    Petitioner,<br><br> v.<br><br>LARRY SMALL, WARDEN,<br><br>    Respondent. | NO. EDCV 10-00616-DOC (MAN)<br><br>ORDER ADOPTING FINDINGS,<br>CONCLUSIONS, AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objection to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those matters to which objections have been stated in writing.

  In his Answer to the Petition, Respondent raised the asserted untimeliness of the Petition as an affirmative defense and argued that Petitioner is not entitled to equitable tolling. In his Reply, Petitioner conceded that the Petition is untimely, alleged that he had

miscalculated the limitations period, and asked the Court to excuse the Petition's untimeliness on that basis. In the Report, the Magistrate Judge concluded that the Petition is untimely and equitable tolling is not warranted.

In his Objections to the Report, Petitioner raises a host of new facts that were not presented to the Magistrate Judge. In particular, through unsworn allegations, Petitioner contends that various "impediments" affected his ability to pursue habeas relief in a timely manner, and he now apparently asks for equitable tolling.[1]

A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See* Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). The "impediments" alleged by Petitioner in his Objections were known to him at the time he filed his Petition and his Reply. Moreover, Petitioner's allegations are unsworn and unsupported. His proffered

---

[1] Petitioner also alludes to his "innocence" and cites Schlup v. Delo, 513 U.S. 298, 114 S. Ct. 851 (1995), although it is unclear that he invokes the Schlup gateway as a basis for avoiding the Petition's untimeliness. Whether or not an assertion of innocence allows a habeas petitioner to avoid the 28 U.S.C. § 2244(d) limitations period is an unresolved issue in this Circuit. *See* Lee v. Lampert, 633 F.3d 1176 (9th Cir. 2011)(ordering *en banc* rehearing of the panel decision holding that there is no "actual innocence" exception to the habeas statute of limitations). Moreover, to show "actual innocence" sufficient to invoke the Schlup gateway, a petitioner must furnish "'new reliable evidence . . . that was not presented at trial.'" House v. Bell, 547 U.S. 518, 537, 126 S. Ct. 2064 (2006)(citation omitted). Petitioner does not meet this standard, because his assertion of "innocence" rests on documents included in the trial record and/or that were available to Petitioner at the time of trial and, thus, are not "new" within the meaning of the Schlup doctrine. (*See* exhibits presented with Petition.) Accordingly, the Court exercises its discretion to decline to consider Petitioner's brief reference in his Objections to his "innocence."

explanation for failing to present them to the Magistrate Judge -- he "was confident" that his brief assertion of a miscalculation error in his Reply, along with the documents appended to the Petition, "would justify and outweigh[] the burden of the Petition being late" (Objections at 3) -- is unpersuasive and insufficient to justify his failure to respond adequately when Respondent raised the untimeliness defense.

As the Ninth Circuit explained in <u>Howell</u>, in affirming a district judge's exercise of her discretion in declining to consider new evidence presented for the first time in objections to a magistrate judge's report and recommendation:

> The magistrate judge system was designed to alleviate the workload of district courts. . . .  To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. . . .  Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging.  "[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge."

231 F.3d at 622 (citations omitted); *see also* <u>Plantillas v. Cate</u>, 2009

1  WL 890656, at *1 (C.D. Cal. March 31, 2009)(district judge order
2  declining to consider new evidence presented in objections and noting
3  that "[s]uch a policy is reasonable since the referral mechanism is
4  intended to help ease the heavy workloads of the district courts and to
5  aid in the efficient resolution of disputes")(citation omitted).

7      Petitioner was on notice that the Petition could be dismissed for
8  untimeliness and that Respondent claimed equitable tolling was not
9  warranted.  Nonetheless, Petitioner failed to raise his known
10 "impediments" argument before the Magistrate Judge and reserved it for
11 consideration by the District Judge.  Under these circumstances, the
12 Court exercises its discretion to decline to consider the new, unsworn
13 allegations set forth in the Objections.[2]

15     Having completed its review, the Court accepts and adopts the
16 Report and the findings of fact, conclusions of law, and recommendations
17 therein.

19     IT IS ORDERED that:  (1) the Petition is dismissed on the ground
20 that it is untimely; and (2) Judgment shall be entered dismissing this
21 action with prejudice.

---

[2] Even if the Court had exercised its discretion differently and were to consider Petitioner's "impediment" allegations, it would find them insufficient to meet Petitioner's burden of establishing a basis for equitable tolling. Under the facts presented, none of Petitioner's alleged "impediments" -- low educational level, cirrhosis, reliance on another inmate, miscalculation of the limitations deadline, and photocopy delays -- rise to the level of an extraordinary circumstance that prevented him from seeking habeas relief on a timely basis. Indeed, Petitioner's concession that his two state habeas petitions and the instant Petitions raise the *same* claims, yet he opted to rewrite each of his lengthy petitions by hand, and thus delayed each of his habeas filings, precludes a finding equitable that tolling is warranted.

     IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on the parties.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: <u>April 14, 2011</u>

*/s/ David O. Carter*
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE